# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JOSE JULIAN CRUZ BERRÍOS,**

    **Petitioner,**

    v.

**LESTY BORRERO** *et al*,

    **Respondents.**

**Civil No. 14-1232 (ADC)**

## **OPINION & ORDER**

Respondents Secretary of Justice for the Commonwealth of Puerto Rico, César Miranda-Rodríguez and Lesty Borrero ("respondents") filed a motion for summary judgment. **ECF No. 139**. Petitioner José Julián Cruz-Berríos ("petitioner" or "Cruz-Berrios") filed a response in opposition. **ECF No. 159**. Respondents replied. **ECF No. 163**. The Court referred the summary judgment motion for a report and recommendation ("R&R"). **ECF No. 145**. On August 19, 2019, Magistrate Judge Silvia Carreño-Coll issued an R&R, recommending the denial of respondents' motion for summary judgment. **ECF No. 188**.[1] On September 16, 2019, respondents filed their objections to the R&R. **ECF No. 198**.[2]

---

[1] In the R&R, Magistrate Judge Carreño also recommends granting petitioner's request for *habeas* relief under 28 U.S.C. § 2254. This matter will be addressed in a separate order.

[2] Respondents' objections to the R&R's as to the *habeas* petition will be addressed in a separate order, as well as respondents' objections regarding the Magistrate Judge's purported disregard of the motion requesting taking of judicial notice at **ECF No. 146**.

For the reasons explained below, the Court hereby **ADOPTS** the R&R's recommendation that respondents' motion for summary judgment be denied. Accordingly, respondents' motion for summary judgment at **ECF No. 139** is **DENIED**.

I. **Factual Background**

A. **State Procedural Background**

As recounted in the R&R, this case stems from facts occurring on the night of August 26, 1999 when a robbery took place at the residence of Angel Antonio Ortíz-Burgos ("Ortíz-Burgos") and his wife, Marta Meléndez, in Helechal Ward, Barranquitas, Puerto Rico. On or around January of 2000, petitioner was accused by the Commonwealth of Puerto Rico of robbery and violations of Puerto Rico's Weapons Law for the events that occurred on August 26, 1999. After a bench trial, he was found guilty and sentenced to life in prison on November 8, 2001. Petitioner appealed his conviction to the Puerto Rico Court of Appeals ("PRCA") which affirmed the Court of First Instance's ("CFI") determination on September 30, 2002 (*see* Case No. KLAN0101206). *See* **ECF No. 56-1; 139-2**. Shortly thereafter, on December 13, 2002, the Puerto Rico Supreme Court ("PRSC") denied *certiorari*. *See* **ECF No. 139-3**.

Cruz-Berrios filed a total of four motions for new trial under Rule 192.1 of the Puerto Rico Code of Criminal Procedure, 34 L.P.R.A. Ap. II, R. 192.1. The first of such motions was filed on December 12, 2003. *See* **ECF No. 22-1.** It was denied, and then appealed to the PRCA and the PRSC which denied the writ of *certiorari*. *Id.* In the interim, on March 23, 2004, Cruz-Berrios filed a petition for *habeas corpus* relief at the PRCA, which was denied on September 30, 2004. *See id.*

His second motion for new trial was filed on July 31, 2006. *See id.* Cruz-Berrios alleged he had discovered new evidence and requested a court-appointed attorney. On August 11, 2006, this motion was also denied. *See id.* Petitioner's appeals on this motion were also denied. *See id.* Petitioner's third motion for new trial, based on ineffective assistance of counsel, was filed on October 2, 2006 and denied on October 9, 2006. *See id.* Petitioner's *certiorari* to PRCA was denied on May 15, 2007 and his *certiorari* to the PRSC was denied on January 25, 2008. *See id.* Petitioner's two motions for reconsideration to the PRSC were denied on February 14 and March 14, 2008. *See id;* **ECF No. 139-24.**

On October 29, 2007, Cruz-Berrios was interviewed by the Special Affairs and Remedies Post Sentence Division of the Society for Legal Aid ("SLA"), which initiated an investigation of his case. To avoid duplicity, the SLA closed the investigation when petitioner filed an action in federal court.[3] After the federal case was dismissed, petitioner obtained the exculpatory evidence from the SLA.

With these new documents, petitioner submitted his fourth and final motion for new trial on November 9, 2010. **ECF No. 186-4**. An evidentiary hearing was held on June 23, 24, 30 and July 1, 2011[4]. *See* **ECF No. 139-14** at 4. On August 1, 2011, the CFI once again denied his request for new trial. *See* **ECF No. 139-14**. Cruz-Berrios moved for reconsideration and, on December 5, 2011, the motion was denied. **ECF No. 139-15.** Cruz-Berrios filed an appeal, which was also

---

[3] *See* Civil No. 08-1693, filed on June 30, 2008 and which will be discussed below.
[4] In their Objections to the R&R, respondents noted the correct dates of the evidentiary hearing. *See* **ECF No. 198** at 27.

denied on May 30, 2012. *See* **ECF No. 22-1**. Petitioner's request for reconsideration to the PRCA was denied on August 20, 2012. **ECF No. 139-16**. On September 19, 2012, he filed a writ of *certiorari* before the PRSC which was denied. **ECF No. 139-18**. Petitioner's both motions for reconsideration to the PRSC were also denied on February 8 and March 13, 2013. *See* **ECF No. 56-11, 139-19 & 138-20**.

### B. Federal Procedural Background

Cruz-Berríos filed his first *habeas corpus* petition pursuant to 28 U.S.C. § 2254 on September 12, 2003. *See* Civil No. 03-1995. Based on a previous report and recommendation, District Judge Juan M. Pérez-Giménez dismissed the petition for failure to exhaust state court remedies. *See* **Civil No. 03-1995**, **ECF Nos. 139-5, 139-6** and **139-7**. Petitioner again moved for *habeas* relief on June 30, 2008. *See* Civil No. 08-1693. After finding that the petition filed was a mixed one, containing both exhausted and unexhausted claims, the court granted petitioner until April 28, 2010, to inform whether he would dismiss the unexhausted claims and continue only with the sole exhausted claim, or would instead withdraw the entire petition. *See* **Civil No. 08-1693, ECF No. 42**. Cruz-Berríos failed to comply. Accordingly, and pursuant to the "total exhaustion rule," *see Rose v. Lundy*, 455 U.S. 509, 520-22 (1982), on April 30, 2010, District Judge Carmen Consuelo Cerezo dismissed without prejudice the entire § 2254 petition. *See* **Civil No. 08-1693, ECF No. 44**.

The third and final § 2254 petition was filed on March 19, 2014. *See* **ECF No. 2**. Petitioner claims (1) violations of his Fifth and Fourteenth Amendment due process rights as a result of

prosecutorial misconduct; *Brady*[5] violations, and general gross misconduct leading to nondisclosure and denial of pre-trial and post-conviction exculpatory evidence; and (2) violations of his Sixth Amendment right for ineffective assistance of counsel during his criminal case. *See* **ECF No. 2.**

Respondents filed a Motion to Dismiss for failure to state a claim, which was denied on September 9, 2015. They subsequently answered the complaint. *See* **ECF Nos. 40 and 42**. On November 26, 2018, respondents moved for summary judgment arguing that this Court lacked jurisdiction. **ECF No. 139**. Petitioner opposed (**ECF No. 159**), and respondents replied (**ECF No. 163**). During the November 29, 2018 evidentiary hearing, respondents argued their position regarding their dispositive motion. *See* **ECF No. 168**.

## II. Legal Standard

### A. Review of R&R

Magistrate judges are granted authority to make recommendations on summary judgment motions, but the ultimate resolution of dispositive motions remains within the discretion of the presiding judge. *See* Fed. R. Civ. P. 72; *accord* Loc. Civ. R. 72(a)(4). A party may object to the magistrate's findings and recommendations within a specified timeframe. Fed. R. Civ. P. 72(b)(2). The presiding district judge must review "*de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id*. In conducting this review, the district judge is free to "accept, reject, or modify the recommended disposition." *Id*. R. 72(b)(3).

---

[5] *Brady v. Maryland*, 373 U.S. 83 (1963).

Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, "the district court should be spared the chore of traversing ground already plowed by the Magistrate." *United States v. Morales-Castro*, 947 F. Supp. 2d 166, 170-171 (D.P.R. 2013) (citing *Gonzalez-Ramos v. Empresas Berríos, Inc.*, 360 F.Supp.2d 373, 376 (D.P.R. 2005). Thus, a plaintiff's objections to an R&R "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004). As held in this District,

> If the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the [Federal Rule of Civil Procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Id*. (quoting *Sackall v. Heckler*, 104 F.R.D. 401, 402-403 (D.R.I. 1984)). Accordingly, absent a proper objection, the Court "needs only satisfy itself that there is no plain error on the face of the record" in order to adopt the magistrate judge's findings. *López Mulero v. Vélez Colón*, 490 F. Supp. 2d 214, 217-218 (D.P.R. 2007); *see also Pabón-Mandrell v. United States*, 91 F. Supp. 3d 198, 201 (D.P.R. 2015) (finding that where the objections are repetitive of the arguments already made to the magistrate judge, a *de novo* review is unwarranted).

Respondents filed timely objections to the R&R, challenging its conclusions of law as to this Court's jurisdiction, the finding of ineffective assistance of counsel and prosecutorial misconduct as well as multiple findings by the Magistrate Judge. **ECF No. 198**. At this juncture,

the Court will solely address respondents' objections to the R&R's recommendation to deny their motion for summary judgment.

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. United States Dept. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). Facts not properly controverted in accordance with Local Civil Rule 56 "shall be deemed admitted." *See Puerto Rico American Ins. Co. v. Rivera-Vázquez*, 603 F.3d 125, 130–31 (1st Cir. 2010). All reasonable inferences are drawn in favor of the non-moving party. *Collazo-Rosado v. University of Puerto Rico*, 765 F.3d 86, 92 (1st Cir. 2014). "[T]he burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (internal quotation marks omitted).

"[T]o survive summary judgment a plaintiff is not required to rely only on uncontradicted evidence." *Calero-Cerezo*, 355 F.3d at 19 (citation and emphasis omitted). When "the record as a whole presents many inconsistencies, displaying perspectives that favor in some lights the defendants and in others the plaintiff," and plaintiff's "evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." *See id*.

### III. Analysis

It is well settled that while an objecting party is entitled to a *de novo* review of the portion of the report and recommendation it objects to, no such review is necessary if the party merely repeats in its objection the same arguments it had already made in previous submissions. *Vega-Feliciano v. Doctors' Ctr. Hosp., Inc.*, 100 F. Supp. 3d 113, 117, (D.P.R. 2015). After a careful review of respondents' objections to the R&R pertaining to the dismissal of their motion for summary judgment, the Court is forced to conclude that their objections regarding the Court's purported lack of jurisdiction are a rehashing of their arguments in the motion for summary judgment, which was already considered by the Magistrate Judge. *See* **ECF No. 139, 198**. Accordingly, the Court adopts *in toto* the legal analysis made by Magistrate Judge Carreño. **ECF No. 198** at 24-34.

Nevertheless, the Court will briefly address several matters set forth by respondents. Namely, respondents object to the Magistrate Judge's denial of their motion for summary judgment for lack of jurisdiction asserting the following arguments:

a. The Magistrate Judge erred in finding that the Court has jurisdiction to hear the instant *habeas* petition without authorization from the First Circuit. Respondents argue that this is the third petition for *habeas* relief filed by petitioner and point to the dismissal with prejudice of petitioner's first writ of *habeas* corpus as grounds for asserting their lack of jurisdiction claim. **ECF No. 198** at 6-8. It is well settled that a petition is not "second or successive" when a state petitioner whose first petition was dismissed for failure to exhaust state remedies brings a new petition based on exhausted claims. *United States v. Barrett*, 178 F.3d 34, 43 (D.P.R. 1999); *see also*

*Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (reaffirming that a petition filed after a mixed petition has been dismissed before the district court adjudicated any claims is to be treated as "any other first petition" and is not a second or successive petition).

As the R&R correctly states, petitioner has filed two previous petitions for *habeas* relief challenging his 2001 state judgment. The first petition was filed on September 12, 2003 (Civil No. 03-1995) and dismissed for failure to exhaust administrative remedies. The second was filed on June 30, 2008 (Civil No. 08-1693) and dismissed without prejudice by District Judge Cerezo, who addressed the same issue of successive *habeas* petitions now before this Court. At that time, District Judge Cerezo concluded that even though the previous case (Civil No. 03-1995) had resulted in a judgment with prejudice, the court did not consider the matter to be adjudicated on the merits since the dismissal was precisely due to petitioner's failure to exhaust all remedies available to him in the state courts. As a result, District Judge Cerezo held that dismissal on *res judicata* grounds was not proper. Upon granting respondent's motion to dismiss petitioner's second claim, District Judge Cerezo expressly noted that dismissal would be without prejudice since petitioner could "return to this Court with a fully exhausted petition after exhausting the remaining claims which will not be considered to be 'second or successive' under the statute." Petitioner's current *habeas* petition falls squarely within District Judge Cerezo's holding. As such, petitioner did not have to seek leave from the appeals court to file the instant petition. Accordingly, the Magistrate Judge correctly followed District Judge Cerezo's rationale and respondents' objections on this issue are overruled.

b. The Magistrate Judge erred in finding that *res judicata* does not apply and by failing to afford full faith and credit to the Puerto Rico Supreme Court's ("PRSC") December 14, 2012 denial of petitioner's *certiorari*. **ECF No. 198** at 8-13.

Respondents essentially rehash the arguments set forth in their motion for summary judgment while asserting that the Puerto Rico Court of Appeals ("PRCA") and PRSC's decisions constituted prior judgments on the merits which preclude petitioner's claims. *See* **ECF No. 139** at 29-31 (citing **ECF No. 139-8**). After a review of the Magistrate Judge's determination for clear error, the Court rejects respondents' objection.

In the R&R, the Magistrate Judge expressly notes that respondents have raised the *res judicata* argument twice without success. *See* **Civil No 08-1693** and **ECF No. 40**. She further points out that during the three-day evidentiary hearing, respondents repeatedly argued that the issues that had been adjudicated by the state court could not be subject to review. *See* **ECF No. 188** at 29. The Magistrate Judge then repetitively alerted respondents that when an applicant claims that the state conviction was a result of an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, under §2254(d)(2) this court must review the issues already addressed and ruled upon by the state court. The Court does not harbor any doubt that §2254(d)(2) affords herein petitioner the right to seek relief from this court without hindrance by the *res judicata* doctrine. Consequently, respondents' objections are overruled.

c. The Magistrate Judge erroneously concluded that the petition is not time barred. Pointing to the arguments set forth in their motion for summary judgment, respondents contend

that petitioner did not file his claim within AEDPA's one-year statute of limitations. They further object to the R&R's finding that the doctrine of equitable tolling applies here because petitioner fails to argue as much and he has "not been timely or followed the law." Respondents also argue that petitioner's *pro se* status alone does not allow him to meet the extraordinary circumstance requirement of equitable tolling.[6] A review of the record for clear error shows that contrary to respondents' assertions, there is ample evidence supporting the applicability of the doctrine of equitable tolling in this case.

The Court harbors no question as to petitioner's active and diligent pursue of his rights since his conviction, exhausting all appeals, filing four motions for post conviction relief, a state *habeas* petition and three federal *habeas* petitions. Additionally, as the R&R assertively points out, the "procedural gridlock" in this case, which even confused respondents as to the statute of limitations cut off date, militated against petitioner's accessibility to relief. Especially considering that he appeared *pro se* in both of his prior *habeas* petitions before this Court (which were dismissed for failure to exhaust administrative remedies), all while being incarcerated, even though these are not the only or decisive factor in the Magistrate Judge's R&R. Lastly, this Court notes that pursuant to District Judge Cerezo's March 31, 2010 Order at Civil No. 08-1693,

---

[6] Respondents also object to footnote 18 wherein the Magistrate Judge mentions that respondents moved to withdraw their request for dismissal based on limitations grounds after noting that they made a miscalculation in their computation of the statute of limitations. *See* **ECF No. 23**. The Court notes that the R&R's mention that the motion was filed in 2017, instead of the correct year (2014) is clearly a typographical error that had no effect on the R&R's findings. More importantly, the Magistrate Judge did not address petitioner's argument that respondents purportedly waived their untimeliness defense since she held that petitioner's claim is not time-barred.

**ECF No. 42**, petitioner returned to state court to exhaust the unripe claims by filing his last motion for new trial under P.R. R. Crim. P. 192 on November 9, 2010. *See* **ECF No. 186-4**. Upon denial of said motion, petitioner thereafter exhausted all appeals. *See* **ECF Nos. 139-14, 22-1, 139-139-16, 139-18, 139-19.** The PRSC denied petitioner's second request for reconsideration on March 20, 2013 (**ECF No. 139-20**) and petitioner filed this *habeas* petition on March 19, 2014. *See* **ECF No. 1-2**. Accordingly, respondents' objections in this front are also overruled.

Based on the foregoing, the Court **ADOPTS** the R&R's recommendation to deny respondents' motion for summary judgment.

### IV. Conclusion

After careful review, the Court **ADOPTS** the R & R in part. For the reasons outlined in the R & R, the Court **DENIES** respondents' motion for summary judgment. **ECF No. 139**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September 2019.

                                                       **S/AIDA M. DELGADO-COLÓN**
                                                       **United States District Judge**