THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE JULIAN CRUZ-BERRIOS,

Petitioner,

v.

LESTY BORRERO *et al*,

Respondents.

Civil No. 14-1232 (ADC)

**OPINION AND ORDER**

Pending before the Court is César Miranda-Rodríguez and Lesty Borrero's, in their official capacity ("respondents"), motion for relief under Fed. R. Civ. P. 60(b)(4) and (6)[1] at **ECF No. 222**. Specifically, respondents argue "this Court lacked jurisdiction" "because the petition was time-barred." *Id* at 3. Thus, respondents posit, "the Courts (sic) actions regarding the present habeas petition are null and void." *Id* at 4. Respondents seek "relief from the Orders at **ECF Nos. 208, 214**, and **218**, and from the Judgments at **ECF Nos. 209, 215** and **219**." *Id* at 20.

For the reasons explained below, the Court hereby **DENIES** respondents' motion at **ECF No. 222**.

---

[1] Although the motion at **ECF No. 222** cites Fed. R. Civ. P. 60(b)(6), respondents failed to include any fact or argument for relief under subsection (b)(6).

I.  **Background**

On August 26, 1999, a robbery took place at the residence of Ángel Antonio Ortíz-Burgos ("Ortíz-Burgos") and his wife, Marta Meléndez, in Helechal Ward, Barranquitas, Puerto Rico. Ortíz-Burgos identified the perpetrator as José Julián Cruz-Berríos ("Cruz-Berríos" or "petitioner"). The other two assailants were never identified. No physical evidence and fingerprints were recovered.

On January of 2000, petitioner was accused by the Commonwealth of Puerto Rico of robbery and violations of Puerto Rico's Weapons Law for the events that occurred on August 26, 1999. After a bench trial, on November 8, 2001, petitioner was found guilty and sentenced to life in prison.

Petitioner file the instant habeas petition on March 19, 2014. *See* **ECF No. 2**. Petitioner claimed (1) violations of his Fifth and Fourteenth Amendment due process rights as a result of prosecutorial misconduct, *Brady v. Maryland*, 373 U.S. 83 (1963) violations, and general gross misconduct leading to nondisclosure and denial of pre-trial and post-conviction exculpatory evidence; and (2) violations of his Sixth Amendment right for having received ineffective assistance of counsel during his criminal case. *See* **ECF No. 2.** Petitioner further points to the state courts' generalized disregard for his constitutional claims and the exculpatory evidence obtained which consists of the recanted testimonies of the criminal trial witnesses. *Id.*

Respondents filed a Motion to Dismiss for failure to state a claim, which was denied on September 9, 2015. **ECF No. 40.** However, on November 26, 2018, respondents moved for

summary judgment arguing that this Court lacked jurisdiction because the petition was "time-barred". **ECF No. 139**. Petitioner opposed (**ECF No. 159**), and respondents replied (**ECF No. 163**). On September 30, 2019, the Court adopted the R&R's (**ECF No. 188**) recommendation to deny respondents' motion for summary judgment and issued an Opinion and Order to that effect. **ECF No. 201**. Specifically, the Court "Deni[ed] respondents' motion for summary judgment[] [at] **ECF No. 139**." **ECF No. 201**. Notably, the Opinion and Order at **ECF No. 201** only addressed respondents' motion for summary judgment at **ECF No. 139** and did not dispose of the petition at **ECF No. 2** or the case. Respondents' did not move for reconsideration or to amend the Opinion and Order at **ECF No. 201**.

Months after the denial of respondents' motion for summary judgment and after careful consideration of the habeas petition as well as the hearing transcripts and other documents, on April 8, 2020, the Court entered an Opinion and Order, **ECF No. 207,** granting the petition at **ECF No. 2**. The Opinion and Order at **ECF No. 207** was amended via Amended Opinion and Order at **ECF No. 208** to include specific language remanding the case to state court for a new trial. Judgment was entered accordingly. **ECF No. 209**. Petitioner filed a motion requesting his release, which the Court granted and ordered him to stand new trial in state court on or before 180 days. **ECF Nos. 211, 214**. The Court entered an amended Judgment to reflect the release order. **ECF No. 215**. The release order and the Judgment were amended to include certain requirements for petitioner's release as informed by the Puerto Rico Department of Corrections. **ECF Nos. 218, 219**. On May 15, 2020, respondents filed a motion for relief of order and judgment

under Fed. R. Civ. P 60(b)(4) and (6)[2] claiming that "because the petition was time-barred, this Court lacked jurisdiction to entertain it." **ECF No. 222**. Petitioner opposed. **ECF No. 223**. Respondents did not seek leave to reply, yet they filed a motion to stay proceedings (**ECF No. 224**) pending resolution of their motion at **ECF No. 222.**

## II. Legal Standard

### A. *Rule 60(b)*

Fed. R. Civ. P. 60(b) states

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"As a general matter, Rule 60(b) . . . seeks to balance the importance of finality against the desirability of resolving disputes on the merits." *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 66 (1st Cir. 2003). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" specific, enumerated

---

[2] However, respondents make no argument whatsoever under Fed. R. Civ. P. 60(b)(6).

reasons, including if "the judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). The fate of a motion under Rule 60(b) is committed to the sound discretion of the district court. See *Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 63 (1st Cir. 2001); *see also Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 169 (1st Cir. 2016) ("The trial judge has wide discretion in this arena, and we will not meddle unless we are persuaded that some exceptional justification exists." (internal quotation marks omitted)). Generally, Rule 60(b) motions should be granted sparingly, and any grant or denial of the same should be viewed with great deference on appeal. *See Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 765 (1st Cir. 2017).

### B. *Habeas Corpus* under 28 U.S.C. § 2254

Section 2254(a) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") empowers a federal court to entertain a petition for writ of *habeas corpus*, on behalf of a person in custody pursuant to a judgment of a state court, if there is a violation of his or her federally protected rights under Section 2254. The petition must be opportunely filed, and the petitioner must have exhausted the remedies available in the courts of the corresponding state. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).

## III. Analysis

### A. *Respondents' failure to identify error in this Court's prior rulings*

Notably, in their motion at **ECF No. 222** respondents challenge the overall subject-matter jurisdiction under a lone, familiar argument: the petition was "time-barred." *Id* at 3. The familiarity of this argument brings us to the first issue.

Respondents concede they raised their time bar argument in their motion for summary judgment at **ECF No. 139**. *See* **ECF No. 222** at 1. However, their motion for summary judgment was denied in the United States Magistrate Judge's R&R at **ECF No. 188**. On September 30, 2019, in an Opinion and Order adopting the R&R, the Court denied respondents' time bar argument. **ECF No. 201.**

Moreover, in the Opinion and Order at **ECF No. 201**, the Court held that respondents' time bar objection to the R&R was unworthy of a *de novo* review because it was a rehash of their argument in the motion for summary judgment. *See Pabón-Mandrell v. United States*, 91 F. Supp. 3d 198, 201 (D.P.R. 2015); *United States v. Morales-Castro*, 947 F. Supp. 2d 166, 170-171 (D.P.R. 2013) (citing *González-Ramos v. Empresas Berríos, Inc.*, 360 F.Supp.2d 373, 376 (D.P.R. 2005); *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004)(quoting *Sackall v. Heckler*, 104 F.R.D. 401, 402-403 (D.R.I. 1984)). Nonetheless, the Court also found that there is ample evidence supporting the applicability of equitable tolling in this case. **ECF No. 201**.

Despite these rulings, respondents make no effort to qualify or explain how their time bar argument at **ECF No. 222** should fare any better this time around. The Court is unable to identify any discernable difference between respondents' arguments at **ECF No. 222** and their previous ill-fated arguments. On the contrary, respondents' motion at **ECF No. 222** at 5-18 seems

to be a verbatim copy of their motion for summary judgment. *See* **ECF No 139** at 11-23. Respondents did not move for relief under Fed. R. Civ. P. 59, rather moved under Rule 60(b) months after the Court denied their motion for summary judgment. Notably, however, "Rule 59 or Rule 60… cannot be used as a vehicle to rehash matters previously litigated and decided by the Court." *Sánchez-Rodríguez v. Departamento de Correccóon y Rehabilitación*, 537 F.Supp.2d 295, 297 (D.P.R. 2008)(citing *Standard Química de Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n. 4 (D.P.R.1999)); *see Villanueva–Méndez v. Nieves-Vázquez*, 360 F.Supp.2d 320, 322 (D.P.R.2005).

Therefore, respondents' offer no ground whatsoever to depart from this Court's prior rulings denying their time bar argument. Considering that relief under Fed. R. Civ. P. 60(b) "should be granted sparingly," and that the motion at **ECF No. 222** is a rehash of their previous motions, respondents' motion for relief of order and judgment at **ECF No. 222** is hereby **DENIED**. Even if the Court entertained respondents' repetitive argument at **ECF No. 222**, their argument is unavailing.

### B. *Respondents' argument under Rule 60(b) is meritless*

Respondents argue that the Court had no subject-matter jurisdiction to entertain the habeas petition at **ECF No. 2** because the petition was time-barred under AEDPA, 28 U.S.C.A. § 2244. **ECF No. 222** at 3, 5. Based on that wrong premise, they sustain that the orders and judgment in this case are "void." However, a judgment is not "void" even if it contains technical defects or is "incorrect in some respect." *Farm Credit Bank of Baltimore v. Ferrera-Goita*, 316 F.3d

62, 67 (1st Cir. 2003). "There are only two sets of circumstances in which a judgment is void." *O'Callaghan v. Shirazi*, 204 F.App'x 35, 37 (1st Cir. 2006) (per curiam) (unpublished) (citation omitted). The first and relevant prong is "in the rare instances where a judgment is premised on a certain type of jurisdictional error," *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010). That is, when the "rendering court lacked [] subject-matter jurisdiction." *Farm Credit Bank*, 316 F.3d at 67.

All the relevant discussion at **ECF No. 222** revolves around the notion that the petition at **ECF No. 2** was time-barred under AEDPA and thus the Court had no jurisdiction to entertain it. **ECF No. 222** at 3, 5. However, the "statute of limitations defense . . . is not jurisdictional." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citation and internal quotation marks omitted). Instead, the one-year limitations period is more in the nature of an affirmative defense. *See Libby v. Magnusson*, 177 F.3d 43, 49 (1st Cir. 1999). "[T]he statute of limitations for habeas cases does not implicate jurisdiction." *Gill v. Warden*, 801 F.App'x 676, 679 (11th Cir. 2020)) (citation omitted). Accordingly, AEDPA's statute of limitations "does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run.'" *Holland v. Florida*, 560 U.S. at 645 (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)).

Regardless of respondents' mathematical approach, the truth of the matter is that their timeliness defense is just that, a defense, which by no means implicates subject-matter jurisdiction considerations. Because the petitions' purported untimeliness is not a consideration capable of destroying the Court's subject-matter jurisdiction, it follows that it cannot render the

order in this case or Judgment "void" under Fed. R. Civ. P. 60(b). But even if the Court deemed it appropriate to delve into the mathematical realm in order to measure the timeliness of the petition under AEDPA, the Court finds, as it already did at **ECF No. 201**, that petitioner is entitled to equitable tolling.

Equitable tolling and actual innocence, for example, have been recognized as exceptions to AEDPA's statute of limitations. *See Holland*, 560 U.S. at 645; *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Because habeas corpus proceedings have been "traditionally governed" by "equitable principles[,]" AEDPA is subject to "a rebuttable presumption" in favor of equitable tolling. *Holland*, 560 U.S. at 645-46 (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96 (1990).

For a habeas petitioner to be entitled to equitable tolling he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented timely filing." *Holland*, 560 U.S. at 649. As to the first prong, the Court stands by its previous, unchallenged findings at **ECF No. 201** as it "harbors no question as to petitioner's active and diligent pursue of his rights since his conviction, exhausting all appeals, filing four motions for post conviction relief, a state habeas petition and three federal habeas petitions." **ECF No. 201** at 11. As to the second prong, this Court already found that

> the "procedural gridlock" in this case, which even confused respondents as to the statute of limitations cut off date, militated against petitioner's accessibility to relief. Especially considering that he appeared pro se in both of his prior habeas petitions before this Court (which were dismissed for failure to exhaust administrative remedies), all while being incarcerated,

    even though these are not the only or decisive factor in the Magistrate Judge's R&R. Lastly, this Court notes that pursuant to District Judge Cerezo's March 31, 2010 Order at Civil No. 08-1693, ECF No. 42, petitioner returned to state court to exhaust the unripe claims by filing his last motion for new trial under P.R. R. Crim. P. 192 on November 9, 2010. See ECF No. 186-4. Upon denial of said motion, petitioner thereafter exhausted all appeals. See ECF Nos. 139-14, 22-1, 139- 139-16, 139-18, 139-19. The PRSC denied petitioner's second request for reconsideration on March 20, 2013 (ECF No. 139-20) and petitioner filed this habeas petition on March 19, 2014. See ECF No. 1-2.

**ECF No. 201** at 11-12.

    A careful review of petitioner's case reveals how extraordinarily complicated his post conviction journey has really been. A look into petitioner's life for the past decade shows that he first moved to set aside his conviction at state court level on several occasions.[3] For instance, petitioner appealed his conviction to the Puerto Rico Court of Appeals ("PRCA"), which affirmed the Court of First Instance's ("CFI") determination on September 30, 2002 (*see* Case No. KLAN0101206). *See* **ECF No. 56-1; 139-2**. Shortly thereafter, on December 13, 2002, the Puerto Rico Supreme Court ("PRSC") denied *certiorari*. *See* **ECF No. 139-3**.

    Thereafter, Cruz-Berríos filed several motions for new trial at state court level. The first motion was filed on December 12, 2003. *See* **ECF No. 22-1**; **ECF No. 139-1.** Denied on December 31, 2003, and then appealed to the PRCA and the PRSC, which ultimately denied the writ of *certiorari*. *Id.* On March 23, 2004, Cruz-Berríos filed a petition for habeas corpus relief at the

---

[3] The Court construes the record largely from the state courts' rulings, the filings submitted by the parties which were duly translated, and the witnesses' testimony during the evidentiary hearing. However, many of the documents mentioned for procedural purposes are not part of the record before this Court.

PRCA, which was denied on September 30, 2004. *See id*. His second motion for new trial was filed on July 31, 2006. *See id.* Cruz-Berríos alleged he had discovered new evidence and requested a court-appointed attorney. On August 11, 2006, his requests were denied. *See id.* Petitioner's appeals on these motions were also denied. *See id.* Petitioner's third motion for new trial was filed on October 2, 2006 and denied on October 9, 2006. *See id.* Petitioner's *certiorari* to the PRCA was denied on May 15, 2007 and his *certiorari* to the PRSC was denied on January 25, 2008. *See id.* Petitioner's two motions for reconsideration to the PRSC were denied on February 14 and March 14, 2008. *See id;* **ECF No. 139-24.**

On October 29, 2007, the Special Affairs and Remedies Post Sentence Division of the Society for Legal Aid ("SLA") interviewed Cruz-Berríos. However, because petitioner filed an action in federal court, the SLA closed the investigation in order to avoid duplicity. In 2009, the Office of the Puerto Rico Secretary of Justice referred a complaint to the Office of Inspector General ("OIG") for investigation pursuant to petitioner's complaint. Specifically, allegations of misconduct against the prosecutor in his criminal case, Francisco Sánchez-Rodríguez ("prosecutor Sánchez") were referred to the OIG. *See* **ECF No. 56-7, 156-1.**

As part of their investigation, the OIG interviewed and obtained sworn statements from prosecutor Sánchez, agent Vega, Puerto Rico Police Department investigating agent Ángel Sánchez-Rivera ("agent Sánchez"), attorney Torres, the victim Ortíz-Burgos and Rivera-Mateo. They also interviewed petitioner's trial attorney, Antonio Ortíz-Rodríguez ("attorney Ortíz"). On October 27, 2010, OIG Special Prosecutor Gamalier Oliveras-Álvarez ("Oliveras") sent a

letter to the SLA. **ECF No. 156-1**. The letter states that the OIG obtained potentially exculpatory evidence. *Id.* Eventually, another Inspector General was appointed, and Oliveras was ordered to surrender the case file. Thus, no official report was issued by the OIG.

Petitioner renewed his request for new trial on November 9, 2010, alleging that the newly obtained exculpatory evidence warranted a new trial. **ECF No. 186-4**. The CFI held an evidentiary hearing. *See* **ECF No. 139-14** at 4; **ECF Nos. 56-2, 56-3, 56-4, 56-5, 56-6**. On August 1, 2011, the CFI denied petitioner's request. *See* **ECF No. 139-14**. Cruz-Berríos moved for reconsideration, which was also denied. **ECF No. 139-15.** His appeal was denied on May 30, 2012. *See* **ECF No. 22-1**. Petitioner's request for reconsideration to the PRCA was denied on August 20, 2012. **ECF No. 139-16**. On September 19, 2012, he filed a writ of *certiorari* before the PRSC, which did not fare better. **ECF No. 139-18**. Petitioner's motions for reconsideration to the PRSC were also denied. *See* **ECF No. 56-11, 139-19 & 138-20**.

Petitioner also sought relief in federal court in the midst of all the above state court litigation. Cruz-Berríos filed his first habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 12, 2003. *See* **Civil No. 03-1995**. Based on a report and recommendation, the Court dismissed the petition for failure to exhaust state court remedies. *See* **Civil No. 03-1995**, **ECF Nos. 139-5, 139-6** and **139-7**. Such remedies were subsequently exhausted by petitioner as described above.

Petitioner again moved this Court for habeas relief on June 30, 2008. *See* **Civil No. 08-1693**. After finding that the petition contained both exhausted and unexhausted claims, on April

30, 2010, a sister Court -this dismissed **without prejudice** the § 2254 petition. *See* **Civil No. 08-1693, ECF No. 44**. The petition at **ECF No. 2** marks petitioner's third attempt at habeas relief.

Respondents' calculate that, at best, the habeas petition was filed 1,113 days late. **ECF No. 222.** In this Court's view, 1,113 days are nothing compared to the long years of imprisonment served by the now-64 years old petitioner under a sentence successfully challenged under 2254. Moreover, without a doubt there are extraordinary circumstances that stood in the way of a timely habeas petition.

### IV. Conclusion

Considering the foregoing, the Court **DENIES** the motion for relief at **ECF No. 222**. Accordingly, the Court **DENIES** the motion for stay at **ECF No. 224** filed on September 9, 2020.

On April 27, 2020, **ECF No. 215**, upon ordering a new trial, the Court instructed for the same to take place within 180 days. However, considering the Declaration of Emergency by state and federal governments, in light of the Covid-19 pandemic , the multiple protocols adopted by government agencies to ensure the health of its employees while securing individual's rights; the Order at **ECF No. 215** is modified to enable trial as soon as practicable and as per protocols established by the PR Judiciary.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of September 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**